|     |     |     |
| --- | --- | --- |
| 1   |     | UNITED STATES DISTRICT COURT |
| 2   |     | NORTHERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| LAMAR HENDRIX CAUSEY,<br>    Petitioner,<br>    v.<br>ALAMEDA COUNTY SUPERIOR COURT,<br>    Respondent. | Case No. 20-cv-06630-YGR (PR)<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE** |

This action was reassigned from a magistrate judge to the undersigned in light of a Ninth Circuit decision.[1] Petitioner filed a *pro se* petition for a writ of habeas corpus. Dkt. 1. Because Petitioner is a pretrial detainee, the Court construes the petition as being brought under 28 U.S.C. § 2241.[2] The initial petition was dismissed with leave to amend, and Petitioner has since filed an amended petition, which is now before the Court for review pursuant to 28 U.S.C. § 1915A.

**I.   BACKGROUND**

The following background is taken from Magistrate Judge Robert M. Illman's January 25, 2021 Order, which states as follows:

> Petitioner describes his arraignment and states that he is being held in violation of state law. He states that he is proceeding in his criminal case *pro se* and has not received requested documents. He also alleges that he received ineffective of counsel when an attorney was assigned to his case. Petitioner's criminal case appears to be ongoing, yet he seeks this court's intervention.
>
> Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express

---

[1] *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (magistrate judge lacked jurisdiction to dismiss case on initial screening because unserved defendants had not consented to proceed before magistrate judge).

[2] A pretrial detainee is not in custody "pursuant to the judgment of a State court," 28 U.S.C. § 2254, and therefore such a person brings his petition under 28 U.S.C. § 2241(c)(3). *See McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003).

> constitutional prohibitions." *Younger*, 401 U.S. at 46, 53-54 (cost, anxiety and inconvenience of criminal defense not kind of special circumstances or irreparable harm that would justify federal court intervention; statute must be unconstitutional in every "clause, sentence and paragraph, and in whatever manner" it is applied). The Petition at bar is, therefore, dismissed with leave to amend in order to provide more information pursuant to the instructions provided herein. Petitioner must demonstrate extraordinary circumstances to warrant federal court intervention.

Dkt. 12 at 2. As mentioned above, Magistrate Judge Illman dismissed the initial petition with leave to amend in accordance with the standards set forth above, and instructed Petitioner to file an amended petition within twenty-eight days of the date the January 25, 2021 Order. *Id.*

Thereafter, Petitioner filed his amended petition on February 8, 2021. Dkt. 14. He has also filed a document entitled, "Motion to Submit Document No. 92592," in which he requests to submit a document in support of his amended petition. *See* Dkt. 13. The Court construes his request as a motion for leave to supplement his amended petition, which is GRANTED. Dkt. 13.

The original and amended petitions allege the following: Petitioner is being held on charges of first degree residential burglary with a special allegation of a person present. Dkt. 1 at 2. Petitioner claims that he was arraigned on August 23, 2019 in the Alameda County Superior Court, but he "did not waive[] his right to a preliminary hearing within 10 days of arraignment." Dkt. 14 at 1. His preliminary hearing was scheduled on September 6, 2019, but it was "continued without good cause [and] without consent of Petitioner to September 9th 2019." *Id.* Petitioner claims that he "was rearraigned and immediately filed [a section] 995 motion to set aside [the] information on the grounds that [he] was denial a substantial right [to a] preliminary hearing." *Id.* He claims that the "denial of a substantial right at the preliminary examination renders the ensuing commitment illegal and entitles [him] to dismissal of the information . . . ." *Id.* Under the "relief" section of his amended petition, Petitioner

> request[s] [for] this Court to issue a preemptory writ of prohibition restraining [R]espondent superior court from taking any further action in the proceedings against Petitioner and grant Petitioner[']s 995 motion to set aside [the] information . . . on the grounds th[at] Petitioner was denied a substantial right at [the] preliminary hearing making the commitment unlawful.

*Id.* at 3. Based on the aforementioned allegations, it seems that the criminal charges are still pending against Petitioner. *See id.*

## II. DISCUSSION

This Court has authority to entertain a petition for a writ of habeas corpus by a person in custody, but not yet convicted or sentenced. *See McNeely*, 336 F.3d at 824 n.1; Application of Floyd, 413 F. Supp. 574, 576 (D. Nev. 1976). Although there is no exhaustion requirement for a petition brought under 28 U.S.C. § 2241(c)(3), principles of federalism and comity require that this court abstain and not entertain a pretrial habeas challenge unless the petitioner shows that: (1) he has exhausted available state judicial remedies, and (2) "special circumstances" warrant federal intervention. *See Carden v. Montana*, 626 F.2d 82, 83-84 & n.1 (9th Cir.), *cert. denied*, 449 U.S. 1014 (1980); *see also Younger*, 401 U.S. at 43-54; *Samuels v. Mackell*, 401 U.S. 66, 68-74 (1971) (under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances). Special circumstances that might warrant federal habeas intervention before trial include proven harassment, bad faith prosecutions and other extraordinary circumstances where irreparable injury can be shown. *Carden*, 626 F.2d at 84 (violation of Sixth Amendment right to a speedy trial not alone an extraordinary circumstance).

Here, as explained above, it seems that the criminal charges are still pending against Petitioner. *See* Dkt. 14 at 3. Petitioner has failed to show in his amended petition that special circumstances warrant federal intervention before the trial is held and any appeal is completed. *See id.* at 1-3. Thus, his amended petition fails to correct the deficiencies in his original petition. *See id.* Accordingly, this Court will abstain and DISMISS the amended petition without prejudice. Petitioner's alleged constitutional violations are matters that can and should be addressed in the first instance by the trial court, and then by the state appellate courts, before he seeks a federal writ of habeas corpus.

Petitioner is advised that he should not file a new federal petition for a writ of habeas corpus unless and until he gets convicted, and then not until his direct appeal and state habeas proceedings have concluded and he has given the state's highest court a fair opportunity to rule on each of his claims.

## III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Court GRANTS Petitioner's "Motion to Submit Document No. 92592," which has been construed as a motion for leave to supplement his amended petition. Dkt. 13.

2. This action is DISMISSED because *Younger* abstention is warranted. Thus, the amended petition is DISMISSED without prejudice to Petitioner's returning to federal court after the conclusion of state proceedings and exhausting his state court remedies.

3. The Clerk of the Court shall close the file and terminate all pending motions.

4. This Order terminates Docket No. 13.

IT IS SO ORDERED.

Dated: 5/20/2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge